*648 MEMORANDUM BY THE COURT
This case involves a question of just compensation for the taking of private property by the defendant. The plaintiff was allowed by the board of valuation of commandeered property of the Navy Department, $35,000 for 76514 acres of land. From the record of the case the board seems to have proceeded upon the theory of farm lands, and given values accordingly. The tract had been platted and subdivided and lots sold therefrom to private individuals, amounting to 83 acres, for $31,250, the plaintiff receiving in cash therefor $19,597. The sales thus made, after deducting cost of making the same, it is said, show the market value of the lands. With this contention we do not, in all respects, agree. The prices obtained do not reflect the exact market value. The sales were stimulated by promises of improvements to be made by the plaintiff, and in many instances were speculative. They were, under the peculiar circumstances of the case, quite out of proportion to the market value of other lands in the immediate neighborhood, and do not afford exclusive evidence of market value.
In our view of the. case the lands did have a market value in excess of what was allowed, There existed at the time the property was taken something more, than the usual state ,of *649 affairs in this locality. A large manufacturing plant, operated by Du Pont & Co., made a demand for this property over and above its normal value as farm lands, and, save for the intervention of the Government, there is little doubt that more of it could have been advantageously disposed of. The extensive sale of lots in this vacant and unimproved property clearly indicates this fact. Considering the whole record and reconciling the vast differences in estimates of value, we think the tract claimed for was reasonably worth $58,560.
Judgment will be awarded the plaintiff for $32,310, with 6 per cent interest thereon from the date of taking until paid, and in addition interest on the sum of $26,250. It is so ordered.